UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------
DAVID GARRISON,

                Plaintiff,                **TRANSFER ORDER**
                                                       16-CV-0147 (MKB)
                v.

DANN OCEAN TOWING, INC.,

                Defendant.
----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On January 12, 2016, Plaintiff David Garrison commenced the above-captioned action pursuant to the Jones Act, 46 U.S.C. § 30104 *et seq.*, and general maritime law, against Defendant Dann Ocean Towing, Inc. (Compl., Docket Entry No. 1.) Plaintiff alleges that on October 12, 2015, while working as an employee of Defendant, he was injured as a result of being ordered to "handle unreasonably heavy" equipment without a "a safe place to work" or "seaworthy vessel." (Compl. ¶¶ 3–4.) On March 1, 2016, Plaintiff filed a motion to transfer venue to the United States District Court for the Middle District of Florida, Tampa Division.[1] (Pl. Mot. for Transfer ("Pl. Mot."), Docket Entry No. 8.) For the reasons discussed below, the Court grants Plaintiff's application and transfers this action to the Middle District of Florida, Tampa Division.

**I. Background**

In his transfer request, Plaintiff states that the parties had previously agreed to litigate

---

[1] Plaintiff has not filed proof of service of the summons and Complaint on Defendant. Defendant has not answered the Complaint, responded to Plaintiff's motion, or otherwise appeared in this action.

matters in the Middle District of Florida, Tampa Division. (Pl. Mem. in Supp. of Pl. Mot. ("Pl. Mem.") at 1, Docket Entry No. 9.) In support of his application, Plaintiff attached a letter from counsel for Defendant, which requested that the action be transferred. (Def. Transfer Letter, annexed to Decl. of Dennis M. O'Bryan ("O'Byran Decl."), Docket Entry No. 9.) Plaintiff also filed a "jurisdiction agreement" signed on December 28, 2010 by Plaintiff and Lou Heller, on behalf of Defendant, which states that "any dispute" including a "claim of negligence, injury or death . . . that arises during or after [Plaintiff's] employment with [Defendant] . . . shall be litigated" in a court in Hillsborough County, Florida "to the exclusion of courts" elsewhere (the "Forum Selection Agreement"). (Forum Selection Agreement at 1, annexed to O'Byran Decl., Docket Entry No. 9.)

## II. Discussion

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Typically, a district court considering a request to transfer venue pursuant to section 1404(a) "must evaluate both the convenience of the parties and various public-interest considerations" to determine whether transfer is warranted. *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 562 U.S. ---, ---, 134 S. Ct. 568, 581 (2013) (explaining that, typically, the plaintiff's choice of forum is entitled to "some weight" and the burden rests with the movant to overcome that weight by showing the parties' private interests and other public-interest considerations weigh in favor of transfer).

However, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause" and should only deny a section 1404(a) motion "under extraordinary circumstances unrelated to the convenience

2

of the parties." *Id*. When the parties have a valid forum selection clause, a plaintiff's choice of forum "merits no weight" and the parties' private interests should receive no weight, as they have agreed to litigate in a specified forum. *Id*. at 581–82. Furthermore, the plaintiff, as the party flouting the chosen forum, bears the burden of demonstrating that public-interest factors merit transfer. *Id.* at 583 (explaining that such factors "will rarely defeat a transfer motion," and a district court "should ordinarily transfer the case to the forum specified" in the parties' agreement).

"Questions of venue and the *enforcement* of forum selection clauses are essentially procedural, rather than substantive, in nature, and therefore should be governed by federal law." *Martinez v. Bloomberg LP*, 740 F.3d 211, 220 (2d Cir. 2014) (internal quotation marks and citation omitted); *see Am. Dredging Co. v. Miller*, 510 U.S. 443, 453, 114 S. Ct. 981 (1994) ("[V]enue is a matter that goes to process rather than substantive rights . . . ."). "To determine if the forum selection clause applies to a particular claim, the Court must examine the claims 'shorn of their labels.'" *Allianz Global Corporate & Specialty v. Chiswick Bridge*, No. 13-CV-7559, 2014 WL 4674644, at *4 (S.D.N.Y. Sept. 19, 2014) (quoting *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 389–90 (2d Cir. 2007)); *see also Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1361 (2d Cir.1993) (noting the "strong public policy in favor of forum selection and arbitration clauses"); *Paduano v. Express Scripts, Inc.*, 55 F. Supp. 3d 400, 431–33 (E.D.N.Y. 2014) ("[T]he Second Circuit has endorsed an expansive reading of the scope of forum selection clauses, in keeping with the public policy favoring their use." (internal quotation marks and citation omitted)). "This approach is consistent with the focus on factual allegations rather than on the causes of action asserted when deciding whether [a forum selection clause] applies to particular claims." *Phillips*, 494 F.3d at 388–89.

3

Plaintiff's claim that he was injured on the job falls within the "negligence, injury or death" provision of the Forum Selection Agreement. Plaintiff seeks transfer of this action and Defendant appears to consent to the transfer. The Court therefore grants Plaintiff's motion. This action is hereby transferred to the United States District Court for the Middle District of Florida, Tampa Division pursuant to 28 U.S.C. § 1404(a).

SO ORDERED:

     s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: April 19, 2016
       Brooklyn, New York